**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE Motion to Compel Production of Documents Pursuant to Subpoena Duces Tecum | ) ) ) ) ) ) Civil Action No. 1:20-mc-91045-ADB |
| CELGENE CORPORATION, | ) |
| *Plaintiff*, | ) ) *Underlying action pending in U.S. District Court for the District of New Jersey* |
| v. | ) ) Civil Action No. 2:17-cv-03387-ES-MAH (Consolidated) |
| HETERO LABS LIMITED, HETERO LABS LIMITED UNIT-V, HETERO DRUGS LIMITED, HETERO USA, INC., AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA LLC, EUGIA PHARMA SPECIALTIES LIMITED, APOTEX INC., APOTEX CORP., MYLAN PHARMACEUTICALS, INC., MYLAN INC., MYLAN, N.V., BRECKENRIDGE PHARMACEUTICAL, INC., and TEVA PHARMACEUTICALS USA, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Defendants*. | ) |

**PROPOSED INTERVENOR CELGENE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE AND TO DENY THE MOTION TO <u>COMPEL, OR TO TRANSFER</u>**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND ...................................................................................................3

III.    ARGUMENT..........................................................................................................6

        A.      Celgene Is A Proper Intervenor Under Rule 24.........................................6

                1.      Intervention of Right....................................................................6

                2.      Permissive Intervention ................................................................7

        B.      The Motion to Compel Should Be Denied ................................................7

        C.      In the Alternative, the Motion to Compel Should Be Transferred to the
                District of New Jersey Under Rule 45(f) ..................................................9

IV.     CONCLUSION....................................................................................................12

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Alper v. United States*,
190 F.R.D. 281 (D. Mass. 2000) ........................................................................... 9

*Burns v. Bank of Am.*,
No. 03-cv-1685-RMB-JCF, 2007 WL 1589437 (S.D.N.Y. June 4, 2007) ............................... 9

*City of Pontiac General Employees Retirement System v. Holley*,
No. A-17-cv-207-LY, 2017 WL 7805749 (W.D. Tex. Mar. 21, 2017).......................... 10, 11

*Daggett v. Comm'n on Governmental Ethics & Election Practices*,
172 F.3d 104 (1st Cir. 1999) ................................................................................ 7

*Donaldson v. United States*,
400 U.S. 517 (1971).............................................................................................. 6

*F.D.I.C. v. Everest Reinsurance Holdings, Inc.*,
No. 13-mc-00381, 2014 WL 260589 (S.D.N.Y. Jan.23, 2014) ............................... 10

*In re Subpoenas to Wis. Energy Corp.*,
No. 10-mc-00007, 2010 WL 715429 (E.D.Wis. Feb. 24, 2010) ............................... 9

*Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*,
No. 8:11-cv-2437-t-30MAP, 2012 WL 12904394 (M.D. Fla. May 10, 2012)......................... 6

*MSP Recovery Claims, Series LLC v. Farmers Ins. Exch.*,
No. 1:19-mc-91025-FDS, 2019 WL 7049986 (D. Mass. Dec. 23, 2019)................................ 6

*Munich v. City of Pontiac General Employees Retirement System*,
No. 3:15-mc-00501-JAG, Dkt. No 14 (D.P.R. Nov. 3, 2015) ................................. 6

*Mylan, Inc. v. Analysis Grp., Inc.*,
No. 18-mc-91153-FDS, 2018 WL 1904183 (D. Mass. Apr. 20, 2018) .............................. 3, 10

*In re Disposable Contact Lens Antitrust Litig.*,
306 F. Supp. 3d 372 (D.D.C. 2017) ...................................................................... 10

*Patrick Collins, Inc. v. Does 1-38*,
941 F. Supp. 2d 153 (D. Mass. 2013) ................................................................... 6

*Public Serv. Co. of N.H. v. Patch*,
136 F.3d 197 (1st Cir. 1998)................................................................................. 6

ii

*R&G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*,
  584 F.3d 1 (1st Cir. 2009).................................................................................... 6

*Shea v. Porter*,
  No. 08-cv-12148-FDS, 2013 WL 12318556 (D. Mass. Mar. 8, 2013).................................... 7

*St. Clair Cty., Illinois v. Trinity Highway Indus., Inc.*,
  No. 16-mc-91286-IT, 2016 WL 5346943 (D. Mass. Sept. 23, 2016).................................... 11

*StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*,
  No. 1:15-mc-00010, 2015 WL 1022083 (N.D. Ohio Mar. 9, 2015)............................... 2, 8, 9

*Ungar v. Arafat*,
  634 F.3d 46 (1st Cir. 2011).................................................................................. 6

## Statutes

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................... 7

Fed. R. Civ. P. 26(b)(2)(C)(i) ............................................................................... 8

Fed. R. Civ. P. 45(f)................................................................................ 1, 3, 9, 10, 11

## Other Authorities

Wright & Miller,
  15B Fed. Prac. & Proc. Juris. § 3914.24 (2d ed.) .................................................... 10

Celgene Corporation ("Celgene") respectfully submits this memorandum of law in support of (1) its motion to intervene, (2) its opposition to the motion to compel filed by Teva Pharmaceuticals USA, Inc. ("Teva"), Aurobindo Pharma Limited, Aurobindo Pharma USA, Inc., Aurolife Pharma LLC, and Eugia Pharma Specialties Limited (collectively, "Aurobindo"), and Apotex Inc. and Apotex Corp. (collectively, "Apotex") (together with Teva and Aurobindo, "Movants"), which seeks the production of documents from third-parties to the underlying action Dr. Robert D'Amato ("D'Amato") and Boston Children's Hospital ("BCH," together with D'Amato, "Non-Movants"), and (3) its alternative request to transfer these proceedings to the District of New Jersey pursuant to Fed. R. Civ. P. 45(f).

## I.   INTRODUCTION

Two months ago, after extended oral argument and multiple rounds of discovery briefing, Retired United States District Judge Faith S. Hochberg—acting as Special Discovery Master in the underlying New Jersey litigation—issued a detailed Order resolving a long-standing dispute regarding discovery related to the "EntreMed Actions."[1]  *See* Ex. 1 (redacted) (Nov. 7, 2019 Order, Dkt. 537, Case No. 2:17-cv-03387-ES-MAH (D.N.J.)); Ex. 2 (unredacted version, filed under seal) (Dkt. 499) (hereafter "EntreMed Order").[2]  That order, based on Judge Hochberg's analysis of the parties' extensive briefing and argument, denied a blanket request for all documents from the EntreMed Actions.  EntreMed Order, Ex. 2 at 3.  Judge Hochberg specifically warned that further requests for EntreMed-related discovery would face rigorous

---

[1]  Judge Hochberg's Order defined "EntreMed Actions" as "a series of litigations involving Celgene, EntreMed, Inc., and various other parties.  Those litigations are listed in the parties' filings relating to this dispute. *See, e.g.*, ECF No. 340 at 3-6."  Ex. 1 at 2, n.1.  This includes *Children's Medical Center Corporation v. Celgene Corporation*, Case No. 1:13-cv-11573-MLW (D. Mass.).  *See* Ex. 3 (redacted) (Dkt. 346, Case No. 2:17-cv-03387-ES-MAH (D.N.J.)) and Ex. 4 (unredacted version, filed under seal) (Dkt. 340), at 3-4 n. 1, (definition of EntreMed Actions).
[2]  Hereinafter, all citations to "Dkt." refer to docket entries in Case No. 2:17-cv-03387-ES-MAH (D.N.J.) unless otherwise noted.

scrutiny: "*Any request for the specific financial or other confidential terms of the settlement reached in the EntreMed Actions will need to meet a rigorous standard of relevance to this case*, weighed against the parties' right to confidentiality of the past settlement in the other litigations, and would require review in camera." *Id.* at 3 (emphases added).  Movants never invoked this language to raise further issues with Judge Hochberg, nor did they object to or appeal Judge Hochberg's order to the Magistrate Judge in the underlying New Jersey action, Judge Hammer, despite having had ample opportunity to do so after the EntreMed Order issued in November 2019.

Movants also ***never once mention Judge Hochberg's order*** in their request for EntreMed litigation documents here.  Their motion is a transparent effort to evade Judge Hochberg's EntreMed Order entirely, especially considering that this dispute is between Movants and Celgene—Non-Movants have no substantive involvement there.  Indeed, Non-Movants are only withholding documents based on Celgene's objections, and both the documents and Celgene's objections are based on the very same "specific financial or other confidential terms of the settlement reached in the EntreMed Actions" that Judge Hochberg ordered would "need to meet a rigorous standard of relevance to this case." *Id.*

Rule 45 does not authorize an end-run around orders in parallel proceedings.  Movants already requested these materials in the New Jersey action, and the existing EntreMed Order resolves multiple rounds of briefing regarding those documents and the same objections that Celgene raises here.  This Court can and should deny the pending motion to compel to avoid inconsistencies with the existing EntreMed Order.  *See, e.g.*, *StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, No. 1:15-mc-00010, 2015 WL 1022083, at *2 (N.D. Ohio Mar. 9, 2015) (where issuing court had already denied requested discovery, denying request for same discovery from

third party under Rule 45, so as not to "give Defendants a second bite at the apple through the use of a third-party subpoena").

In the alternative, if this Court is not inclined to deny the motion, it should transfer this case to the District of New Jersey.  In fact, Rule 45(f) exists to prevent exactly the sort of gamesmanship that Movants engage in here.  Transfer to the issuing court under Rule 45(f) is appropriate to avoid "disrupting the issuing court's management of the underlying litigation, as when *that court has already ruled on issues presented by the motion*."  Fed. R. Civ. P. 45(f) Advisory Committee's Note to 2013 Amendment (emphasis added).  This Court has transferred subpoenas in similar circumstances.  *See Mylan, Inc. v. Analysis Grp., Inc.*, No. 18-mc-91153-FDS, 2018 WL 1904183, at *1 (D. Mass. Apr. 20, 2018) (transferring motion to compel in light of, *inter alia*, "the risk of inconsistent orders" and "the interests of judicial economy").  That same result is appropriate here.  Any further disputes regarding production of EntreMed Action materials should be directed to Judge Hochberg in her role as Special Discovery Master in the District of New Jersey, consistent with the requirements of Judge Hochberg's EntreMed Order.

## II.     BACKGROUND

Celgene is the owner of a number of patents covering innovative treatments for various cancers, including multiple myeloma.  Celgene's research culminated in approval for Celgene's Pomalyst® drug product.

In May 2017 Celgene filed suit in the United States District Court for the District of New Jersey against multiple companies infringing on Celgene's intellectual property.  Ex. 5 (Complaint, Dkt. 1); Ex. 6 (Amended Complaint, Dkt. 189).  There, Celgene asserts patent infringement based on Movants' Abbreviated New Drug Applications ("ANDAs") seeking

approval to commercially market generic versions of Pomalyst® before the expiration of Celgene's patents.  *Id.*

On November 29, 2018 Movants first requested discovery related to the EntreMed Actions from Celgene.  Ex. 7 (redacted) (Nov. 29, 2018 Letter, Dkt. 264).  The EntreMed Actions date back nearly two decades, and information related to those actions is irrelevant to any of Movants' answers and counterclaims; accordingly, Celgene objected for a host of reasons, including lack of relevance and proportionality under Rule 26.  Ex. 8 at 2-3 (redacted) (Jan. 4, 2019 Letter, Dkt. 272).  Months of status conferences, court-ordered meet-and-confers, and extensive correspondence to the Court followed.  On April 22, 2019, the parties submitted a joint letter summarizing all outstanding discovery issues, including disputes on the proper scope of discovery related to the EntreMed Actions.  Celgene raised the same relevance and proportionality objections in that letter.  *See* Ex. 3 at 8-11; Ex. 4 at 8-11.

On September 9, 2019, the Court referred all pretrial discovery disputes to Judge Hochberg as Special Discovery Master for this and other fact-intensive disputes.  As the Court explained, the parties have submitted "extensive legal memoranda and exhibits" and a "Special Discovery Master is appropriate to address the complicated and voluminous discovery disputes between the parties."  Ex. 9 at 1-2 (Dkt. 448).

Judge Hochberg held a nearly three-hour hearing on October 11, 2019.  On November 7, 2019, she issued the EntreMed Order, which, *inter alia*, denied Movants' broad requests for documents from the EntreMed Actions and warned that future requests for "the specific financial or other confidential terms of the settlement reached in the EntreMed Actions" would "need to meet a rigorous standard of relevance to this case, weighed against the parties' right to confidentiality."  EntreMed Order, Ex. 2 at 3.

The documents that Movants now seek to compel in this forum are precisely the same materials that Judge Hochberg denied in the New Jersey action, or at the very least ordered would "need to meet a rigorous standard of relevance" to require production. Movants themselves refer to the materials sought here as "the EntreMed litigation documents." Def. Mem., Dkt. 2 at 7, Case No. 1:20-mc-91045-ADB (D. Mass.).

Celgene has consistently objected to Movants using Rule 45 subpoenas to evade the EntreMed Order, yet Movants mischaracterize the issue as one of "third-party confidentiality." *Id.* at 1, 3-6. As Movants are well aware, Celgene's objections relate to Movants' efforts to evade the existing ruling by Judge Hochberg on these same issues. Specifically, counsel for Celgene explained as follows in a January 8, 2020 email to Movants:

> *The documents to which Celgene objects fall within the [request for documents] that Judge Hochberg denied . . . .* Celgene objects to their production for the same reasons as in the underlying litigation. Those reasons were adopted by Judge Hochberg in Order No. 1, and Defendants did not object to Judge Hochberg's ruling.

Ex. 10 (emphasis added). As the correspondence with the New Jersey court makes clear, Celgene objected on numerous grounds, including lack of relevance and proportionality. *See* Ex. 3 at 8-11; Ex. 4 at 8-11; Ex. 8 at 2-3. Incredibly, even after receiving this explanation of Celgene's objections, and despite Movants' knowledge of the EntreMed Order, Movants represented to this Court that "third-party confidentiality" was the only issue raised by their motion to compel, never once even mentioning Judge Hochberg's prior order on EntreMed discovery and failing to attach Celgene's objections.

### III.      ARGUMENT

#### A.      Celgene Is A Proper Intervenor Under Rule 24

##### 1.      Intervention of Right

Rule 24 authorizes intervention of right when the intervenor establishes:  "(i) the

timeliness of its motion to intervene; (ii) the existence of an interest relating to the property or

transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of

the action will impede its ability to protect that interest; and (iv) the lack of adequate

representation of its position by any existing party." *R&G Mortg. Corp. v. Federal Home Loan

Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009).  These requirements are considered "with a

commonsense view of the overall litigation." *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197,

204 (1st Cir. 1998).  Celgene meets all four requirements for intervention of right.  The motion is

timely, and Celgene has a "direct and 'significantly protectable'" interest in the scope of

permissible discovery in the underlying New Jersey action, including protecting against the

production of irrelevant and disproportional information, not least of which being its confidential

settlement information—as explicitly recognized by the EntreMed Order.  *Ungar v. Arafat*, 634

F.3d 46, 51 (1st Cir. 2011) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)); *see

also Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 159–60 (D. Mass. 2013) (collecting

cases) (standing to challenge a third-party subpoena requires only a minimal personal right or

privilege in information sought).  Courts frequently allow intervention in similar circumstances.

*See, e.g.*, *MSP Recovery Claims, Series LLC v. Farmers Ins. Exch.*, No. 1:19-mc-91025-FDS,

2019 WL 7049986, at *3 n.1 (D. Mass. Dec. 23, 2019) (allowing proposed intervenor to

participate in Rule 45 proceeding); *Munich v. City of Pontiac General Employees Retirement

System*, No. 3:15-mc-00501-JAG, Dkt. No. 14 (D.P.R. Nov. 3, 2015) (same); *Medi-Weightloss

Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, No. 8:11-cv-2437-t-

30MAP, 2012 WL 12904394 (M.D. Fla. May 10, 2012) (same).  Finally, BCH and D'Amato, as

non-parties to the District of New Jersey litigation, have expressed "no position with regard to

whether those documents should be produced," and thus cannot adequately represent Celgene's

interests in the instant proceeding.  Ex. 11 (January 21, 2020 email from L. Pirozzolo).

### 2.    Permissive Intervention

Celgene also satisfies the requirements for permissive intervention.  Under Rule 24(b),

the Court may permit intervention if the proposed intervenor "has a claim or defense that shares

with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The Court

may consider "any factor rationally relevant" in deciding on intervention, including whether the

applicant "may be helpful in fully developing the case."  *Daggett v. Comm'n on Governmental*

*Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999).

The substantive dispute here is between Celgene and Movants.  *See, e.g.*, Ex. 11 (Non-

Movants have "withheld documents on the basis of Celgene's objection to their production").

This dispute was already decided by Judge Hochberg in the EntreMed Order, and Celgene's

rights, including, for example, the production of Celgene's sensitive business and confidential

information, are implicated by the motion to compel.  The issues raised here thus share questions

of law and fact with the discovery disputes that Judge Hochberg decided in the District of New

Jersey.  Celgene's intervention is not merely helpful—it is *necessary* in light of Movants' failure

to disclose to this Court Judge Hochberg's EntreMed Order, which explicitly addresses the

information Movants now seek.

### B.    The Motion to Compel Should Be Denied

Celgene respectfully requests that this Court deny Movants' motion to compel outright.

For Movants to prevail on their motion, they must establish that the subpoena seeks information

that is "within the scope of proper discovery" under Rule 26(b).  *Shea v. Porter*, No. 08-cv-

12148-FDS, 2013 WL 12318556, at *2 (D. Mass. Mar. 8, 2013).  Movants did not do this.  Rule

26(b) does not allow discovery that is "unreasonably cumulative or duplicative."  Fed. R. Civ. P.

26(b)(2)(C)(i).  Movants' request for EntreMed Action materials here is entirely duplicative of

their earlier request for those same materials in New Jersey.  And Judge Hochberg denied

Movants' request in New Jersey, adding that any further request for related materials would

"need to meet a rigorous standard of relevance."  EntreMed Order, Ex. 2 at 3.

Despite their keen awareness of this ruling, Movants chose not to object to Judge

Hochberg's Order or to appeal it to Judge Hammer, nor did they submit any further request to

Judge Hochberg seeking "to meet [the] rigorous standard of relevance" that Judge Hochberg also

ordered.  Instead—ignoring that this is a dispute between Movants and Celgene, and not between

Movants and BCH/D'Amato (*see* Ex. 11)—Movants sought an end-run around the EntreMed

Order by filing the instant motion while choosing to *hide* the EntreMed Order from this Court

entirely, and to characterize Celgene's objections as though they were not related to the

EntreMed Order (they are, as Movants have known since at least January 8 (*see* Ex. 10)).  For

this reason alone, the Court can and should deny the motion.

Separately, the motion to compel should be denied out of comity to the District of New

Jersey and Judge Hochberg's existing order.  Courts have refused to order production under Rule

45 in similar circumstances.  For example, in *StoneEagle Servs., Inc.*, 2015 WL 1022083,

defendants sought to circumvent a prior discovery ruling from the Middle District of Florida in

the underlying action by requesting Rule 45 production of materials that the Florida court had

already ruled should not be produced by the plaintiff in the underlying action.  The District Court

for the Northern District of Ohio—the court where compliance would be required—refused to

order production and explained that it "w[ould] not disturb [the Middle District of Florida] order

and give Defendants a second bite at the apple through the use of a third-party subpoena." *Id.* at

*2.

Here, too, Movants should not be allowed a second chance in a different forum, and their

motion should be denied. *Accord In re Subpoenas to Wis. Energy Corp.*, No. 10-mc-00007,

2010 WL 715429, at *2 (E.D. Wis. Feb. 24, 2010) (quashing subpoenas that were "an end-run

around the discovery restrictions imposed in" the underlying case); *Burns v. Bank of Am.*, No.

03-cv-1685-RMB-JCF, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (quashing Rule 45

subpoena that sought same information requested from party to the litigation; Rule 45 is not an

"end-run around the regular discovery process"); *Alper v. United States*, 190 F.R.D. 281, 284 (D.

Mass. 2000) (quashing subpoena that conflicted with Court's prior discovery order, including

scheduling order; party may not "obtain through one means, Rule 45, what he has been

precluded from obtaining through another").

### C. In the Alternative, the Motion to Compel Should Be Transferred to the District of New Jersey Under Rule 45(f)

Under Rule 45(f), "[w]hen the court where compliance is required did not issue the

subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the

subpoena consents or if the court finds exceptional circumstances." Exceptional circumstances

include the desire to avoid "disrupting the issuing court's management of the underlying

litigation, as when *that court has already ruled on issues presented by the motion* or the same

issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) Advisory

Committee's Note to 2013 Amendment (emphasis added). Transfer under Rule 45(f) "will be

*particularly appropriate when resolution of the discovery dispute requires* close familiarity with

the substance of the underlying action, or integration with effective case management, or

*uniformity among parallel discovery disputes* in scattered districts." Wright & Miller, 15B Fed.

Prac. & Proc. Juris. § 3914.24 (2d ed.) (emphasis added).

Courts routinely transfer subpoenas where the subject matter of the subpoenas has

already been addressed in the underlying litigation. *See, e.g., Mylan, Inc.*, 2018 WL 1904183, at

*1 (transferring subpoena to issuing court under Rule 45(f) where "the District of Kansas already

has before it more than ten outstanding motions to compel in that MDL matter raising similar

types of issues," given "the risk of inconsistent orders if this Court was to rule on plaintiff's

motion to compel," the "complexity of the underlying case," and "the interests of judicial

economy"); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 374 (D.D.C.

2017) (transferring motion to compel to "ensure that this dispute is handled by the  tribunal that

is best situated to decide the merits of the subpoena-enforcement issue."); *F.D.I.C. v. Everest*

*Reinsurance Holdings, Inc.*, No. 13-mc-00381, 2014 WL 260589, at *2 (S.D.N.Y. Jan. 23,

2014) (transferring subpoena to issuing court to avoid "hamstring[ing]" that court with

potentially conflicting decisions about the scope of discovery).

For example, in *City of Pontiac General Employees Retirement System v. Holley*, No. A-

17-cv-207-LY, 2017 WL 7805749 (W.D. Tex. Mar. 21, 2017), plaintiff in the underlying

litigation sought discovery via Rule 45 that had been denied in the issuing court as privileged.

*Id*. at *1.  Defendant Wal-Mart intervened in the Rule 45 proceeding, arguing that the plaintiff

was attempting an end-run around discovery orders from another court (Arkansas in that case).

*Id*.  The Texas court transferred the proceedings to Arkansas under Rule 45(f), noting that "the

docket sheet in the underlying Arkansas case shows that Judge Hickey [of the Western District

of Arkansas] has ruled on similar privilege issues in this case in the past and that other motions

raising the privilege issues are currently pending before her.  The Court finds that transfer fosters

the interests of fairness, consistency, judicial economy, and speed of resolution. *Uniformity of discovery rulings in a case of this complexity is critical to achieving fairness to the parties and non-parties*." *Id.* at *2 (emphasis added).

If this Court is not inclined to deny the motion outright, the need for uniformity, fairness, consistency, judicial economy, and speed of resolution underpinning the decision in *Holley* likewise requires transfer here. Judge Hochberg has already considered the discoverability of the information that Movants seek, and explained that she would subject future requests for such information to a "rigorous standard of relevance." EntreMed Order, Ex. 2 at 3. Judge Hochberg issued the EntreMed Order following her careful analysis of a complex record regarding highly technical matters and a lengthy oral argument held to consider these and other discovery issues in the underlying litigation. In these circumstances, transfer to the District of New Jersey is appropriate under Rule 45(f).

Importantly, ***Non-Movants consent to transfer***. Even if transfer were contested, "exceptional circumstances" exist under Rule 45(f), given Judge Hochberg's prior rulings on precisely these issues. But here, the Court need not even reach the scope of "exceptional circumstances," since the rule expressly authorizes transfer based solely on consent. *See* Fed. R. Civ. P. 45(f) (authorizing transfer to issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances"); *see also St. Clair Cty., Illinois v. Trinity Highway Indus., Inc.*, No. 16-mc-91286-IT, 2016 WL 5346943, at *1 (D. Mass. Sept. 23, 2016) (transferring motion to quash when the target consented to transfer and the court in the underlying action was "already familiar with the issues" and "better suited to hear the motion."). In short, if the Court is not inclined to deny the motion outright, transfer to the District of New Jersey under Rule 45(f) is appropriate.

**IV.     CONCLUSION**

For the foregoing reasons, Celgene respectfully requests that the Court grant its motion to intervene and deny the motion to compel outright.  In the alternative, Celgene respectfully requests that the Court order transfer of Movants' motion to compel to the District of New Jersey.

13

*Respectfully submitted,*

Dated:  January 29, 2020

/s/ *Patrick D. Curran*
Patrick D. Curran (BBO# 568701)
Kathleen Marini (BBO# 698420)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
patrickcurran@quinnemanuel.com
kathleenmarini@quinnemanuel.com

*Attorneys for Celgene Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document, filed through the CM/ECF

system, will be sent electronically to the registered participants of record as identified on the

Notice of Electronic Filing on January 29, 2020.

/s/ *Patrick D. Curran*